UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
:
**TERESA BUIE** and **TAMARA BUIE**,
:
:
                         Plaintiffs,     :   **MEMORANDUM DECISION AND ORDER**
:
       – against –                   :   23-CV-4302 (AMD) (TAM)
:
**SHIRLEY LESSANE**,
:
:
                         Defendant.
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

Before the Court is the defendant's motion to dismiss. For the reasons explained below, the motion is granted.

The plaintiffs, who are mother and daughter, bring this lawsuit against Teresa's sister Shirley Lessane, asserting claims of fraud, breach of contract, and loss of personal property. The plaintiffs allege that Teresa and the defendant co-owned residential property located at 156 MacDonough Street in Brooklyn, New York and that the defendant sold the house without Teresa's consent, and then unlawfully evicted the plaintiffs from the house and damaged their personal property.[1]

Teresa previously brought claims against the defendant in New York state court and in this district, premised on the same underlying facts as this case. In the earlier actions, Teresa

---

[1] The plaintiffs do not assert that Tamara was an owner of the 156 MacDonough Street property. Accordingly, the Court assumes that Tamara's claims are for loss of personal property. The Court liberally construes these claims to include claims for conversion or replevin. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a pro se complaint liberally").

alleged that she was a tenant of 156 MacDonough Street; in this action, she claims that she was an owner of that property.

## BACKGROUND

### I.     Factual Background

The plaintiffs allege that "over 40 years ago," Teresa and the defendant purchased the property at 156 MacDonough Street and refinanced their mortgage five years later. At that point, Teresa's name was removed from the deed. (ECF No. 12 at 2.) The plaintiffs lived on the top floor of the property, and the defendant lived on the lower floor. (*Id.*) In May 2018, the plaintiffs discovered that someone had changed the locks and moved their personal belongings, including furniture, clothing, and electronics, to a storage facility in New Jersey. (*Id.* at 3.)[2] The defendant sold the house for $1.7 million and did not give Teresa any of the proceeds from the sale. (*Id.* at 4.)

### II.    Previous State and Federal Court Actions

In June 2018, Teresa brought a lawsuit in the Civil Court of the City of New York, Kings County, and made different claims arising out of the same set of facts against the defendant. (ECF No. 15-2 (State Action Petition).) The plaintiff claimed that the defendant "unlawfully withheld possession" of the 156 MacDonough Street property from her. She sought treble damages pursuant to New York Real Property Actions & Proceedings Law ("RPAPL") § 853. (*Id.*) In a sworn affidavit dated July 5, 2018, Teresa stated that she was a tenant of 156 MacDonough Street (ECF No. 15-5 ¶¶ 1, 15 (State Action Affidavit)), that she lived at the house

---

[2] Although the plaintiffs assert that their belongings were moved in May 2019 (ECF No. 12 at 3), the state court record reflects that this took place in May 2018. In a July 5, 2018 affidavit, Teresa stated, "I went on vacation on May 27, 2018. I later found out that my possessions were removed that same day by respondent and her son and sent to a warehouse in New Jersey." (ECF No. 15-5 ¶ 4 (State Action Affidavit).)

2

with her daughter and grandchild (*id.* ¶¶ 2, 17), that she was unlawfully evicted (*id* ¶ 5) while on vacation and that her "possessions were removed . . . by respondent and her son and sent to a warehouse in New Jersey" (*id.* ¶ 4). The New York state court dismissed Teresa's RPAPL § 853 claims because Teresa "used the premises for storage only and [the] items [at issue] were removed to a storage facility." Therefore, Teresa was not a tenant under RPAPL § 853 (ECF No. 15-6 (State Action Decision/Order).)

In May 2019, Teresa brought a lawsuit in this district asserting the same facts and claims as the state action. (ECF No. 15-7 (Federal Action Complaint).) The Honorable William F. Kuntz, II dismissed the action based on the doctrines of *res judicata* and collateral estoppel. (ECF No. 15-9 (Federal Action Decision & Order).)

### III.   Procedural Background of this Action

On or about May 24, 2023, the plaintiffs brought this action in state court against the defendant. (ECF No. 1.) The defendant removed the action to this Court on June 12, 2023 on the basis of diversity jurisdiction. (*Id.*)[3] The plaintiffs assert breach of contract, fraud, and loss of property claims.

The defendant moved to dismiss the complaint on November 1, 2023. (ECF No. 13.) The defendant argues that (1) the plaintiffs' claims are barred by *res judicata* because Teresa could have litigated the claims in the earlier lawsuits, which arose from the same facts; (2) Teresa is judicially estopped from claiming that she is a co-owner because she submitted sworn documents in the prior action stating that she was a tenant; and (3) the plaintiffs' claims are time-barred. (ECF No. 14 at 6.)

---

[3] At this point, the plaintiffs had filed only a notice with summons; they had not filed a complaint. (*Id.*) At Magistrate Judge Taryn A. Merkl's direction, the plaintiffs filed a complaint on August 7, 2023 in this Court. (ECF No. 12.)

3

**LEGAL STANDARD**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings are construed in the light most favorable to the plaintiff. *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010).

**DISCUSSION**

The defendant raises multiple arguments for dismissal. The Court addresses only the defendant's claim that the plaintiffs' claims are barred by *res judicata* because they could have been brought in the earlier state and federal actions.

"*Res judicata*, or claim preclusion, dictates that 'a final judgment on the merits in one action bars subsequent relitigation of the same claim by the same parties.'" *Toth v. N.Y.C. Dep't of Educ.*, No. 21-CV-4245, 2023 WL 121733, at *4 (E.D.N.Y. Jan. 5, 2023) (quoting *Greenberg v. Bd. of Governors of Fed. Rsrv. Sys.*, 968 F.2d 164, 168 (2d Cir. 1992)); *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 284 (2d Cir. 2000). The party raising the *res judicata* defense must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the

subsequent action were, or could have been, raised in the prior action." *Monahan*, 214 F.3d at 285.[4]

## I.  Adjudication on the Merits

With respect to the first element, Judge Kuntz found that the state litigation "constituted a prior dismissal on the merits, by a court of competent jurisdiction" (ECF No. 15-9 at 3 (Federal Action Decision & Order)) and dismissed the federal action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (*id.* at 2).  Therefore, the defendant has satisfied the first element of *res judicata* — that the dismissals of the state and federal actions were adjudications on the merits.

## II.  Involving the Parties or Their Privies

The second element is also satisfied.  The previous state and federal actions involved the same parties, except for Tamara, who is in privity with her mother Teresa.  Both New York and federal courts have rejected a "formalistic approach" to privity, considering instead whether the new defendants share an interest with those named in the first action.  *Chase Manhattan Bank, N.A. v. Celotex Corp.,* 56 F.3d 343, 346 (2d Cir. 1995).  "It is well settled in this circuit that literal privity is not a requirement for res judicata to apply." *Monahan*, 214 F.3d at 285.  "Instead, a party will be bound by the previous judgment if his 'interests were adequately represented by another vested with the authority of representation.'" *Id.* (citation omitted).  "[C]ourts have found privity to exist in relationships such as: trustee and beneficiary; buyer and seller; fiduciary; agent; and cases where the parties represent the interests of the same person,

---

[4] "A court may consider a *res judicata* defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014).

5

such as in familial relationships." *Yan Won Liao v. Holder*, 691 F. Supp. 2d 344, 354 (E.D.N.Y. 2010) (citing *Taylor v. Sturgell*, 553 U.S. 880 (2008)).

Teresa and the defendant were the parties in the prior actions. Although Tamara was not a party in the prior actions, she has privity with Teresa, her mother, given their familial relationship and the fact that they resided at 156 MacDonough Street together. *See Yan Won Liao v. Holder*, 691 F. Supp. 2d 344, 354 (E.D.N.Y. 2010) (finding privity between the parent plaintiffs who brought the prior action and the adult children plaintiffs in the subsequent action given they have "identical interests and the parents are the only party with the capacity to represent those interests"). Teresa informed the state court in a sworn affidavit that she resided at the premises with her daughter. (*See* ECF No. 15-5 ¶ 2 (State Action Affidavit) ("I have resided [at 156 MacDonough Street] along with my daughter and grandchild. We have had possession of the subject premises for over thirty years.").)

### III. Claims Could Have Been Asserted in the Prior Action

To determine whether the claims asserted in this action could have been raised in the earlier actions, the Court must "consider whether the second lawsuit concerns 'the same claim — or nucleus of operative facts — as the first suit,' applying three considerations: '(1) whether the underlying facts are related in time, space, origin, or motivation; (2) whether the underlying facts form a convenient trial unit; and (3) whether their treatment as a unit conforms to the parties' expectations.'" *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018) (citation omitted).

In the prior state and federal actions, Teresa asserted that she was a tenant of the 156 MacDonough Street property and submitted a sworn affidavit to that effect. (*E.g.*, ECF No. 15-5 ¶¶ 15–16 (State Action Affidavit) ("I have been paying rent to respondent in the sum of $425 for years. . . . I paid rent for the month of May, but was still wrongfully evicted before the end of the

6

term.").)  She could have asserted that she was an owner of the 156 MacDonough Street property, but she did not do so.  *See Waldman v. Village of Kiryas Joel,* 207 F.3d 105, 110 (2d Cir. 2000) (noting the "well-established rule" that a "plaintiff cannot avoid the effects of res judicata by splitting his claim into various suits, based on different legal theories" (internal quotation marks omitted)); *TechnoMarine S.A. v. Giftports, Inc.,* No. 11-CV-9643, 2012 WL 3964734, at *5 (S.D.N.Y. Sept. 10, 2012) ("New legal theories do not amount to a new cause of action so as to defeat the doctrine of *res judicata*.").  Additionally, the state court found that the plaintiff was not a tenant within the meaning of RPAPL § 853 because she "used the premises for storage only and [the] items [at issue] were removed to a storage facility."  (ECF No. 15-6 (State Action Decision/Order).)  Finally, the underlying facts in this action are identical to the those in the prior state and federal actions.  The plaintiffs' claims in this lawsuit are thus barred by *res judicata*.  Because the Court finds that the plaintiffs' claims are barred in their entirety by *res judicata*, it is not necessary to address the other arguments the defendant makes for dismissal.

## CONCLUSION

For these reasons, the defendant's motion to dismiss is granted.  Accordingly, the complaint is dismissed with prejudice.

**SO ORDERED.**

        s/Ann M. Donnelly

ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      July 12, 2024